UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**BRANDON JONES**  **CIVIL ACTION NO. 12-881-P**

**VERSUS**  **JUDGE HICKS**

**CADDO PARISH, ET AL.**  **MAGISTRATE JUDGE HORNSBY**

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Brandon Jones ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on April 12, 2012. Plaintiff claims his civil rights were violated by prison officials while incarcerated in the Caddo Correctional Center in Shreveport, Louisiana. Plaintiff names Caddo Parish, Sgt. Demetria Parker, Patrick K. Russell, Willie Griffen, Tobias Williams, Joshua Brooks, Jeremy Brooks, Demaceo Caldwell, Floyd Agee, Paul Jones, Damarcus Burns, Joe Louis, Marcus Taylor, LaMarsha Ashley, and Mario Thomas as defendants.

On December 2, 2013, this court ordered Plaintiff to file, within 30 days of the service of the order, an amended complaint. However, that order was returned to this court on December 9, 2013 by the United States Postal Service marked "RETURN TO SENDER-GONE." To date, Plaintiff has not informed this court of his new address.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 8th day of January 2014.

                                                  Mark L. Hornsby
                                                  U.S. Magistrate Judge